IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| County of Dorchester, South Carolina, and ) <br> Town of Summerville, South Carolina, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Level 3 Communications, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:18-2891-RMG <br><br> **ORDER AND OPINION** |

Before the Court is Defendants' joint partial motion to dismiss the Complaint. (Dkt. No. 15.) For the reasons set forth below, the motion is denied.

I. **Background**

The 911 Act authorizes local governments such as Plaintiffs to adopt an ordinance imposing monthly charges on telephone consumers in order to fund local 911 call centers. *See* S.C. Code Ann. § 23-47-10 *et seq.* Plaintiffs adopted such ordinances. *See* Dorchester Cnty. Ord. § 12-20(2). (Dkt. No. 1 ¶¶ 26-27, No. 1-1.) The companies providing telephone service to consumers in the jurisdiction bill the 911 charges to their consumers, collect the charges from the consumers, and remit the amount to the local government minus a 2% administrative fee. *See* S.C. Code Ann. §§ 23-47-40, 50.

Plaintiffs allege that Defendants violate the 911 Act among other claims by under-charging their consumers the 911 charge and, as a result, under-remitting the charge to Plaintiffs, which results in inadequately funded 911 call centers and a potential public safety concern. Plaintiffs seek to enforce their implied private rights of action under the 911 Act and bring claims for (i) violation of the South Carolina Unfair Trade Practices Act, (ii) violation of the 911 Act, (iii) breach of statutory duty, (iv) breach of fiduciary duty, (v) negligence and negligence

per se, and (vi) constructive fraud. Plaintiffs also seek a declaratory judgment, a permanent injunction, and punitive damages. (Dkt. No. 1.)

## II. **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss, therefore, tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. The allegations are sufficient if they offer "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The Rule 8 standard is satisfied when the complaint gives "the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1288 (11th Cir. 2010).

The "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must include more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Meaning, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility requirement does not impose a probability requirement, but the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The claims are plausible on their face where the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A plaintiff alleging fraud is held to a higher standard and "must state with particularity the circumstances" constituting the fraud. Fed. R. Civ. Pro. 9(b). The circumstances of the fraud are "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentations and what he obtained thereby." *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (internal quotation marks omitted). A plaintiff claiming constructive fraud may allege that the defendant knew or should have known the falsity of its misrepresentations; alleging intent to deceive or actual dishonesty is not required. *Cheney Bros. Inc. v. Batesville Casket Co., Inc.*, 47 F.3d 111, 114 (4th Cir. 1995); *see also Pitts v. Jackson Nat. Life Ins. Co.*, 574 S.E.2d 502, 509 (S.C. 2002).

On a Rule 12(b)(6) motion, the court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). But while the court must accept the facts in a light most favorable to the Plaintiff, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

### III. Discussion

Defendants move under Rule 12(b)(6) for "partial dismissal" of each count "to the extent that it claims violation of the 911 Act" predicated on two interpretations of the Act that are contrary to its clear meaning. (Dkt. No. 15 at 7.) First, the Complaint alleges that Defendants fail to fully charge and remit on VoIP lines, which could be unlimited because the 911 Act mandates that a "VoIP provider must collect the VoIP 911 charge established in subsection (A) on *each VoIP service line*" (S.C. Code Ann. § 23-47-67(B)); the 911 Act defines "service line" in part as "a VoIP service that offers an active telephone number" (*id.* § 23-47-10(38); and VoIP lines can support thousands of numbers and devices with "no physical limitation on how many users may connect to the 911 system." (Dkt. No. 1 ¶ 44.) Defendants contend, however, that the

911 Act must be read to impose a 50-charge cap on a VoIP line. This cap is expressly applied to non-VoIP lines (*see* S.C. Code. Ann. § 23-47-50(A), providing that for an individual local exchange access facility, the "total number of 911 charges remains subject to the maximum of fifty 911 charges per account" as tiered) and, Defendants argue, is incorporated by reference to also apply to VoIP lines (*see* S.C. Code. Ann. § 23-47-67(A), providing that "[t]here is hereby imposed a VoIP 911 charge in an amount identical to the amount of the 911 charge imposed on each local exchange access facility . . ."). (Dkt. No. 15 at 13-15.) Plaintiffs argue that Defendants' reading of the 911 Act requires misinterpreting the phrases "an amount" and "the amount"—in the singular—to refer to the total quantity or combined value of charges to the customer, rather than to the individual per-charge rate, which happens to be $.99 in Dorchester and $.93 in Summerville. (Dkt. No. 21 at 15-16, No. 1 ¶ 2.)[1]

---

[1] Defendants also argue that the 911 charge is a "tax" requiring any statutory ambiguity to be resolved in favor of the taxpayer and submit in further support of this argument the Georgia Supreme Court's recent holding in *Bellsouth Telecommunications, LLC, et al. v. Cobb County, et al.*, 2019 WL 654174, at *7 (Ga. Feb. 18, 2019) that the Georgia 911 statute is a tax precluding recovery under common law tort and that the statute does not provide a private right of action. (Dkt. No. 15 at 18-19, No. 27.) But the *Cobb County* court notes that the Georgia Court of Appeals had remanded back to the trial court for a record to be developed beyond what was available on the motion to dismiss in order to determine whether the charge was a fee or a tax as a matter of law. *Id.* at *2. Chief Judge Dillard similarly noted in his concurrence to the Court of Appeals decision that whether the charge is a tax was "not dispositive" of the Counties' claims because the Counties were "not suing a taxpayer for the recovery of taxes," but rather "assert a *statutory claim* under [the 911 Act] for violation of a legal duty, as well as common-law claims to recover *damages* resulting from alleged negligence, fraud, and breach of fiduciary duty." 802 S.E.2d 686, 701 (Ga. Ct. App. 2017) (emphasis in original).

So too, here, the parties may need to build a record on which the Court could determine whether the South Carolina 911 charge is a tax as a matter of law. But, on the current record on this motion to dismiss, the South Carolina 911 Act repeatedly refers to its cost as a "911 charge" (*see, e.g.*, S.C. Code Ann. §§ 23-47-10(1), 23-47-50(A)), whereas the legislature chose to use the label "tax" in reference to a levy other than the 911 charge (*see, e.g., id.* § 23-47-50(F) ["Fees collected by the service supplier pursuant to this section are not subject to any tax, fee, or assessment, nor are they considered revenue of the service supplier."]). The 911 charge is alleged to be used for the specific purpose of defraying particular 911 call center costs (Dkt. No. 1 ¶ 22), which other courts have identified as indication of a "charge" and not a "tax." *See, e.g.*,

Second, the Complaint alleges that Defendants failed to fully charge and remit on multiplex customers. Plaintiffs allege that primary rate interface ("PRI") allows a service provider to carry up to twenty-three simultaneous voice conversations over a single wire connection; that the 911 Act imposes a cap of five charges per access line only where the subscriber can modify the number of channels without assistance of the service provider (*see* S.C. Code Ann. § 23-47-50(A)[2]); that a consumer only rarely falls into this latter autonomous category by purchasing fractional PRI service not delivered by a broadband connection; and, therefore, that "Defendants should assess a PRI with twenty-three channels no fewer than twenty-three 911 service charges because the PRI is capable of simultaneously connecting twenty-three separate users to the 911 system." (Dkt. No. 1 ¶¶ 33, 37-40.) Defendants argue in part that this interpretation of Section 23-47-50(A) is unreasonable because a consumer need not purchase fractional PRI service not delivered by a broadband connection in order to modify the voice transmission paths without assistance of the service provider. (Dkt. No. 15 at 21-22.)

The crux of Defendants' two statutory interpretation arguments is that the 911 Act does not obligate them to charge, collect and remit the quantity, amount or volume that Plaintiffs

---

*T-Mobile South, LLC v. Bonet*, 85 So. 3d 963, 984 (Ala. 2011); *see also BellSouth Telecomms, Inc. v. City of Orangeburg*, 522 S.E.2d 804 (S.C. 1999) ("Generally, a tax is an enforced contribution to provide for the support of government, whereas a fee is a charge for a particular benefit to the payer."). This Court also previously held that the South Carolina 911 Act provides Plaintiffs an implied private right of action. (*Cnty. of Charleston, S.C. v. AT&T Corp., et al.*, 2:17-cv-2534-RMG, Dkt. No. 86).

[2] "[A] subscriber must be billed a number of 911 charges equal to (a) the number of outward voice transmission paths activated on such a facility in cases where the number of activated outward voice transmission paths can be modified by the subscriber only with the assistance of the service supplier; or (b) five, where the number of activated outward voice transmission paths can be modified by the subscriber without the assistance of the service supplier."

-5-

claim they are required, but fail, to do.[3] But "[t]o the extent the motion to dismiss is premised on the [ ] Complaint's lack of detail concerning the amount of 911 charges Defendant[s] billed and remitted—or should have—and the identities of customers, detailed factual allegations are not required to survive a motion to dismiss under Rule 12(b)(6)." *Autauga Cnty. Em. Mgmt. Comm. District v. Bellsouth Telecomms., LLC*, No. 2:15-cv-0765-SGC, 2016 WL 5848854, at *4 (N.D. Ala. Oct 6, 2016) (denying motion to dismiss).[4] Rather, accepting the facts alleged as true, the Complaint plausibly pleads claims to the Rule 8 or Rule 9(b) standard. The facts alleged as to counts one through five are adequate to put Defendants on fair notice of the allegations and their factual foundations. *See, e.g.*, *Hamilton Cnty. Em. Comms. District v. BellSouth Telecomms LLC*, 852 F.3d 521 (6th Cir. 2017) (finding implied private right of action and reversing district court's grant of motion to dismiss on claim for violation of state 911 statute); *Birmingham Em. Comms. District v. TW Telecomm. Holdings, Inc., et al.*, No. 2:15-cv-0245-AKK (N.D. Ala. Mar. 2, 2017) (denying motion to dismiss claims for negligence/negligence per se and breach of fiduciary duty). Count six is also sufficiently pled in that Plaintiffs allege Defendants knew or should have known their monthly remittance checks misstated the appropriate amount charged, collected and remitted to the local governments. *See, e.g.*, *Autauga Cnty.*, 2016 WL 5848854, at

---

[3] *See, e.g.*, Dkt. No. 15 at 15 ("The Court should therefore dismiss each count of the Complaint insofar as it alleges that Defendants are liable because they did not bill more than 50 911 charges per month to any VoIP customer.") and Dkt. No. 15 at n.19 ("Defendants do not seek dismissal of the entire Complaint. Rather, Defendants seek dismissal of all counts insofar as they allege Defendants must pay multiplex customers 21 911 charges, regardless of how many channels on that multiplex service are activated for outward transmission, [ ] and may only bill five 911 charges where the customer purchases 'fractional PRI service not delivered by a broadband connection.'").

[4] Moreover, that Defendants responded to the Complaint with such particularized statutory interpretation arguments suggests that the pleading is sufficient under Rule 12(b)(6). *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005) ("The sufficiency of a complaint does not depend on whether it provides enough information to enable the defendant to prepare a defense, but merely whether the document's allegations are detailed and informative enough to enable the defendant to respond.") (internal quotation marks omitted).

*8 (denying motion to dismiss fraud claim on basis of defendant's certified statements allegedly under-reporting amount of telephone lines subject to defendants' billing-and-collection under 911 statute). Taking the facts alleged as true and construed in a light most favorable to the non-moving parties, these allegations are sufficient to plausibly state claims that survive Defendants' Rule 12(b)(6) motion.

IV.   **Conclusion**

For the foregoing reasons, Defendants' joint partial motion to dismiss (Dkt. No. 15) is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 14, 2019
Charleston, South Carolina